IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2019

**DAVID ALLEN BINKLEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2017-CR-488  William R. Goodman, III, Judge**

———————————————————

**No. M2019-00389-CCA-R3-PC**

———————————————————

The Petitioner, David Allen Binkley, appeals the post-conviction court's denial of his petition for post-conviction relief in which he challenged his guilty plea to aggravated robbery and his effective sentence of eight years with a release eligibility date of eighty-five percent. On appeal, the Petitioner alleges that he received ineffective assistance of counsel and that his guilty plea was not knowingly entered. After a review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, David Allen Binkley.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Dan Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL BACKGROUND**

**Plea Hearing**

The Petitioner was involved in three different criminal episodes involving robbery or theft from October 19, 2016, through October 25, 2016. According to the State's recitation of facts at the plea hearing, on October 25, 2016, the Petitioner and Mr. John Ignacio, one of his co-defendants in this case, entered the victim's residence, armed with handguns. The Petitioner and Mr. Ignacio demanded money, pills, and cell phones from

the victim. The victim's boyfriend was in the residence at the time and started to fight with the Petitioner and Mr. Ignacio. During that fight, someone hit the victim's boyfriend in the head with a pistol. The Petitioner and Mr. Ignacio took a cell phone, exited the residence, and entered Mr. Donald Raines's vehicle. The Petitioner entered a guilty plea to aggravated robbery. At the time of the Petitioner's plea hearing, Mr. Raines had already pled guilty to facilitation of aggravated robbery and had agreed to testify against the Petitioner and Mr. Ignacio. The victim also identified the Petitioner in a photographic lineup as being one of the men involved.

At the plea hearing, the Petitioner also entered a guilty plea to theft of property valued at $10,000 or more, theft of property valued at under $500, and assault for offenses charged in two additional indictments.[1] His petition only challenges his plea to aggravated robbery, and it is not clear if the resolution of the Petitioner's other charges depended on the outcome of his aggravated robbery case.

According to the post-conviction court's findings of fact in its written order, the Petitioner was charged with aggravated robbery, attempted aggravated robbery, and two counts of aggravated assault with use or display of a weapon for the October 25, 2016 offense. The Petitioner pleaded guilty to only the aggravated robbery charge and received an eight-year sentence to be served at eighty-five percent. The dismissal of the remaining indicted charges was conditioned on the Petitioner's truthful corporation with the State in the prosecution of Mr. Raines and Mr. Ignacio.

After the State's recitation of the facts, the trial court asked the Petitioner if the factual summary was accurate, and the Petitioner agreed that it was. When imposing the sentence, the trial court stated, "This will be an effective sentence of eight years at 85 percent." When asked if he understood his sentences, the Petitioner responded, "Yes, sir." The signed, plea agreement also stated that the Petitioner would be required to serve at least eighty-five percent of his sentence.

**Post-Conviction Hearing**

On July 9, 2018, the Petitioner filed a pro se petition for post-conviction relief seeking primarily to have his sentencing credits recalculated but also asserting that his plea was involuntarily entered and that he was denied the effective assistance of counsel, in particular noting that a witness should have been impeached. The post-conviction court appointed counsel, and an amended petition was filed. Although this case never proceeded to trial, the amended petition argued that trial counsel was ineffective for failing to object to the admission of evidence and failing to object to an improper

[1] The indictments and the judgment forms were not included in the record on appeal.

argument by the prosecutor during closing argument, as well as asserting that trial counsel failed to adequately investigate the case. The State filed a response requesting an evidentiary hearing and arguing that the petition should be dismissed. The post-conviction court held an evidentiary hearing during which the Petitioner and trial counsel testified.

The Petitioner testified that he had a tenth-grade education and that he did not know when he pleaded guilty that he would have to serve eighty-five percent of his sentence. He explained that an attorney other than trial counsel represented him general sessions court before his cases were bound over to the grand jury. The Petitioner stated that he met with trial counsel two or three times prior to entering his plea and estimated that each of these meetings lasted approximately fifteen to twenty minutes. He acknowledged that he and trial counsel discussed the facts and circumstances surrounding each of his charges. The Petitioner testified that he pleaded guilty because trial counsel "kind of told me that I had no choice. That if I took it to trial, that it would -- would not look good for some reason." The Petitioner stated that he told trial counsel that he wanted to proceed to trial.

On cross-examination, the Petitioner acknowledged that it was his decision to plead guilty and that he did so because he thought that it was in his best interest to accept the plea agreement. The Petitioner admitted that when he entered the plea, he knew that he would have to serve eighty-five percent of his sentence.

Trial counsel testified that he had been practicing law for approximately nine months at the time the Petitioner pleaded guilty. Trial counsel testified that he took over the case from initial counsel after initial counsel changed law firms. Trial counsel stated that prior to taking over the case, he shadowed initial counsel and sat in on meetings with the Petitioner and initial counsel. Trial counsel explained the terms of the plea agreement to the Petitioner, and the Petitioner appeared to understand the terms. Trial counsel denied forcing the Petitioner to enter a plea and stated that he was willing to proceed to trial. Trial counsel recalled informing the Petitioner that he would be required to serve eighty-five percent of his sentence. Trial counsel explained that he and the prosecutor had a conversation in which they clarified that under the relevant statute, the Petitioner would only be required to serve eighty-five percent of his sentence, instead of serving one hundred percent.

The post-conviction court issued a written order denying the Petitioner relief. The post-conviction court found that although the Petitioner has a tenth grade education, there was no evidence that he did not understand that he was required to serve eighty-five percent of his sentence. The court noted that printed plea agreement signed by the Petitioner stated that the Petitioner would have to serve "8 years at 85%." The post-

conviction court also accredited trial counsel's testimony that he explained the terms of the plea agreement to the Petitioner. The Petitioner now appeals the denial of his petition for post-conviction relief.

## ANALYSIS

The Petitioner maintains that he did not knowingly and voluntarily enter his plea because trial counsel failed to fully explain the terms of the plea agreement regarding his release eligibility date. The State responds that the Petitioner understood the terms of his plea agreement at the time he pleaded guilty, as evidenced by trial counsel's testimony and the terms of the printed plea agreement that the Petitioner signed when he entered his plea. We agree with the State.

A petitioner is entitled to post-conviction relief from any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner has the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f); *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).

Both a claim of ineffective assistance of counsel and a claim that a guilty plea was not knowing and voluntary are mixed questions of law and fact. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015); *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). An appellate court reviews de novo with no presumption of correctness the post-conviction court's conclusions of law, its determinations of mixed questions of law and fact, and its application of law to factual findings. *Kendrick*, 454 S.W.3d at 457. "The trial judge's findings of fact are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings." *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Claims of ineffective assistance of counsel and entry of an involuntary guilty plea are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010).

To establish an ineffective assistance of a counsel claim, the Petitioner "must show that counsel's performance was deficient and that the deficiency prejudiced the defense." *Wiley v. State*, 183 S.W.3d 317, 329 (Tenn. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984); *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996)). This court "need not address both elements if the petitioner fails to demonstrate either one of them." *Kendrick*, 454 S.W.3d at 457. To establish deficiency, the

Petitioner is required to show that trial counsel's actions "fell below an objective standard of reasonableness under prevailing professional norms." *Wiley*, 183 S.W.3d at 329. Trial counsel's performance is not deficient when the advice given is "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to establish prejudice as a result of trial counsel's deficient performance, the Petitioner "'must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different.'" *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)).

A guilty plea must be entered into knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A plea is not voluntarily entered if it "results from ignorance, misunderstanding, coercion, inducements, or threats. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). When a petitioner challenges trial counsel's effectiveness in the context of a guilty plea, the petitioner must show that trial counsel's performance fell below an objective standard of reasonableness and professional norms. *Hill v. Lockhart*, 474 U.S. 52, 58 (19885). Second, "a petitioner must establish that but for counsel's deficiency; he would have gone to trial instead of entering the plea of guilty." *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002) (citing *Hill*, 474 U.S. at 59).

The post-conviction court credited trial counsel's testimony that he discussed the eighty-five percent release eligibility date with the Petitioner and that the Petitioner understood that he would be required to serve eighty-five percent of his sentence before he would be eligible for parole. During the post-conviction hearing, the Petitioner acknowledged that on the day he entered his plea, he knew that he would be required to serve eighty-five percent of his sentence. Further, the written plea agreement explicitly stated that the Petitioner would serve "8 years at 85%," and the Petitioner acknowledged at the plea hearing that he understood the terms of the plea agreement. *See Blackledge v. Allision*, 431 U.S. 63, 74 (1977) (stating that a declaration in open court creates "a formidable barrier in any subsequent collateral proceeding"). The Petitioner has failed to establish that trial counsel was ineffective or that his plea was involuntary and unknowing. Accordingly, the Petitioner is not entitled to post-conviction relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE